Daniel, Judge.
The defendants are indicted for offending against the following act of Assembly: “ Every person who shall play at any game of cards, in any public house or .tavern, or house where spirituous liquors are retailed-, or any out house or store attached thereto, or any part of the premises occupied with such house, and bet money or property, shall be deemed guilty of a misdemeanor.” 1 Rev. Stat. ch. 34, sec. 69. The jury, in a special verdict, find that Vannoy, ■one of the defendants, was owner of a store room and counting room in one house. He retailed spirits in the store room, and the defendants gamed at cards, and for property, in the counting room. The store and counting rooms, in our opinion, constituted parts of but one establishment. The counting room was a part of the premises occupied with the store by the retailer; and the playing of cards in that room, brought the defendants within the act of Assembly.
The second question arising out of the verdict is, whether the owner was a retailer of spirituous liquors within the meaning oí the said act of Assembly. We are of opinion, that the circumstance of Vannoy’snot having complied with all the requisites, of the law in obtaining his license to retail, is no excuse for the defendants. The jury have found the fact that he did retail spirits in his store room. That fact satisfies the gaming act above quoted, and the charge in the in *187 dictment that spirits were retailed in the house. The ment rendered in the Superior Court, must be reversed. This opinion will be certified, that judgment may be rendered for the State. ' ■
Per, Curiam. ' Judgment reversed.